(No. 75-1244—

STEPHEN T. SKERTICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 16, 1976.*

STEPHEN T. SKERTICH, Pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stipulation of the parties hereto, and the Court being fully advised in the premises;

This Court finds that the subject of this claim is the correction of an administrative oversight in the failure of the Department of Public Aid to pay the Claimant a five per cent (5%) shift differential for working as a Computer Production Controller II on a work shift other than the routine 8:30 a.m. to 5:00 p.m. work day.

The rules of the Department of Public Aid at the time the services were rendered provided for a shift differential pay of five per cent, but because of a clerical error the shift differential was not paid to Mr. Skertich, but it was paid to all others working the same shift with Mr. Skertich.

The Stipulation was entered into pursuant to this Court's previous holdings in the cases of *Retta Mae Allen,* No. 7048, *Donald W. Vickers,* No.7036, *Curtiss Anderson,* No. 6700, and *Paskus,* 26 Ill.Ct.Cl. 107, wherein each case the Court held that inasmuch as the failure to pay the employee the appropriate rate of pay was due solely to an administrative error on the part of the agency involved, the State could not take advantage of its own error and deny the recovery.

Except for the administrative error above explained, the sole reason that this claim was not previously paid is due to the lapse of the appropriation, the same having been confirmed by the Department of Public Aid, a copy of the report is attached to the Joint Stipulation of the parties. Said departmental report indicates that Mr. Skertich is due the amount of $444.46.

We find that the Claimant is due the amount of $444.46 in gross salary, plus employer contributions of $55.78, for a total employee benefit of $500.24 which should be disbursed by the Comptroller and credited as follows:

To the State Employees Retirement System as follows:

$ 17.78 Employee's contribution to State Employees Retirement System

$ 26.00 Employee's contribution to F.I.C.A.

$ 29.78 State's contribution to State Employees Retirement System

$ 26.00 State's contribution to F.I.C.A.

To the Illinois State Treasurer to be remitted to the Internal Revenue Service:

$ 39.88 Claimant's Federal Income tax withholding for current taxable year.

To the Illinois Department of Revenue, Income Tax Division:

$ 6.94 Claimant's Illinois Income tax withholding for current taxable year.

To the Claimant:

$ 353.86 Claimant's net salary after all of the above contributions and withholdings have been deducted from the above total employee benefit.

It is therefore ordered that Claimant be and is hereby awarded the total employee benefit of Five Hundred and 24/100 Dollars ($500.24) to be disbursed and credited in accordance with our above finding.